UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELLE NEAL, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF TERRELLE HOUSTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1733 |
| | § | |
| CITY OF HEMPSTEAD, TEXAS, et al., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Four motions are currently before the Court. They are:

(1) Defendants City of Hempstead ("the City" or "Hempstead"), Chief David Hartley ("Chief Hartley"), and Sergeant Byron Fausset's ("Sgt. Fausset") (collectively "Defendants") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. No. 9);
(2) Defendants' Rule 12(b)(1) Motion to Dismiss (Doc. No. 24);
(3) Plaintiff Derrelle Neal's ("Neal" or "Plaintiff") Partial Motion to Dismiss (Doc. No. 19); and
(4) Plaintiff's Motion to Stay (Doc. No. 21).

After considering the motions, all responses thereto, and the applicable law, the Court finds that the Defendants' Rule 12(b)(1) Motion to Dismiss must be **DENIED AS NOT RIPE WITHOUT PREJUDICE TO REFILING**, Defendants' Rule 12(b)(6) Motion to Dismiss to must be **DENIED AS NOT RIPE WITHOUT PREJUDICE TO REFILING**, and Plaintiff's Partial Motion to Dismiss must be **GRANTED**. Plaintiff's Motion for Stay will be addressed at a subsequent hearing.

1

I.     BACKGROUND[1]

This lawsuit arises from the death of Terrelle Houston ("Houston"). Houston was raised by Plaintiff, who is his maternal aunt. (Doc. No. 19, Pl.'s Mot. to Dismiss, at 1.) After Houston's death, Neal brought this suit individually and as representative of the Estate of Terrelle Houston ("the Estate").

On the night of June 8, 2010, Sgt. Fausset, an employee of the Hempstead Police Department ("HPD"), was responding to a 911 hang-up call that had come in from a phone line at or near the Willowchase Apartments in Hempstead, Texas. (Doc. No. 1, Compl. ¶ 14.) Shortly after arriving at the Willowchase Apartments, Sgt. Fausset encountered Houston, a twenty-two-year-old black male. (*Id.*) Houston attempted to run away from Sgt. Fausset, but tripped and fell to the ground. (*Id.* ¶ 15.) Sgt. Fausset then drew his Taser weapon and shocked Houston. (*Id.*) After gaining control of Houston and placing him in handcuffs, Sgt. Fausset continued to repeatedly shock Houston until he became unresponsive. (*Id.*) Throughout this incident, Houston was lying face down, restrained, in a pool of water; he was also unarmed. (*Id.* ¶¶ 14–15.) Houston remained alive for an uncertain period of time, estimated to be one or two hours. (*Id.* ¶ 22.) Despite being aware that Houston was in extreme pain and struggling to breathe, Sgt. Fausset delayed calling 911 and did not offer Houston any emergency assistance. (*Id.*)

Plaintiff, originally representing herself to be Houston's biological mother, brought this suit against Sgt. Fausset, Chief Hartley, and the City on June 8, 2012. Plaintiff's Complaint contains numerous claims under 42 U.S.C. §§ 1981, 1983, and 1988 for violations of the Fourth, Eighth, and Fourteenth Amendment. (*Id.* ¶¶ 30–41.) Neal also alleges several state law causes

---

[1] The following facts are drawn from Plaintiff's Complaint (Doc. No. 1) and are accepted as true for purposes of the pending motions.

of action arising out of above facts. (*Id.* ¶¶ 42–43, 48.)  The Complaint includes claims under both the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code §§ 71.021 *et seq.*, which Neal brings as representative of the Estate, and the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code §§ 71.001 *et seq.*, which Neal brings in her individual capacity. (*Id.* ¶¶ 44–47.)  On August 1, 2012, Defendants filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. (Doc. No. 9.)

On September 19, 2012, before the Court had decided the Rule 12(b)(6) Motion, Stephen R. Walker, attorney for Plaintiff, filed a letter with the Court advising the Court of important developments in this case. (Doc. No. 17, Sept. 19, 2012 Letter to the Court.)  Specifically, he informed the Court that he had recently discovered that Neal was not Houston's biological mother. (Doc. No. 17, Sept. 19, 2012 Letter to the Court, at 1.)  He explained that Neal had hired him on the eve of the statute of limitations, and that she had represented herself to be his mother. (*Id.* at 2.)  Neal's attorney began to realize that Neal may not be Houston's biological mother on September 12, 2012, while reviewing police records that identified her as the aunt. (*Id.*)  Walker then contacted Neal, whereupon Neal explained that she was, in fact, Houston's maternal aunt. (*Id.*)  She indicated that she had raised Houston "like her own and considered him her son," and that she "truly believed and considered Terrelle Houston to be her son." (*Id.*)  She also stated that, at some point during Houston's childhood, she had been appointed his legal guardian. (*Id.*)

Walker then proceeded to take the necessary steps to have Neal appointed as representative of the Estate. (*Id.*)  He obtained permission from Houston's father, who confirmed that Neal did, in fact, raise Houston. (*Id.*)  Walker also indicated his intent to initiate probate proceedings to have Neal approved as representative of the Estate. (*Id.*)

3

Subsequently, on September 24, 2012, Plaintiff filed a Partial Motion to Dismiss, seeking voluntarily to dismiss the claims brought in her individual capacity.  (Doc. No. 19, Pl.'s Partial Mot. to Dismiss.)  Plaintiff also filed a Motion to Stay, requesting a stay of the proceedings until she is appointed by the probate court to serve as representative of the Estate.  (Doc. No. 21, Pl.'s Mot. to Stay ¶ 1.)[2]  Defendants represented to the Court that they opposed both of these Motions, maintaining that the recently discovered facts mandated a complete dismissal of the case.  On October 9, 2012, Defendants filed a Rule 12(b)(1) Motion to Dismiss, contending that the Court lacks subject-matter jurisdiction over the case.  (Doc. No. 24, Defs.' Rule 12(b)(1) Mot. to Dismiss.)

On December 3, 2012, Walker filed another letter with the Court, providing an update on the status of the probate proceeding to appoint Neal as representative of the Estate.  (Doc. No. 26, Dec. 3, 2012 Letter to the Court.)  He indicated that, although a November 29, 2012 probate court hearing had been set in order to issue letters of administration, because an attorney ad litem had not yet been appointed for the heirs of the estate, the hearing was cancelled.  (*Id.*)  This is the latest information the Court has on the status of the probate proceedings.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction.  "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (internal quotation marks omitted).  Lack of subject matter jurisdiction may be found

---

[2] Plaintiff also initially requested that the stay be limited to 90 days. (Mot. to Stay ¶ 1.) Although the Court is addressing these motions over 90 days after the filing of the Motion to Stay, the Court has not been advised that a stay is no longer necessary. Accordingly, the Court assumes Plaintiff continues to desire a stay of the case until the probate court appoints the representative of the Estate.

using (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996); *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).  The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### III. ANALYSIS

In their Rule 12(b)(1) Motion, Defendants argue that this Court lacks subject matter jurisdiction over this lawsuit because Neal lacked capacity to bring the survival claim alleged on the Estate's behalf. (Doc. No. 25, Defs.' Rule 12(b)(1) Mot. ¶¶ 4–8.) Specifically, Defendants argue that, because Neal lacks capacity, no one has standing to bring this suit. (*Id.* ¶¶ 4–8.) Plaintiff contends that, although she lacked capacity to represent the Estate at the time the lawsuit was filed, the Estate's claims brought under the Texas Survival Statute are not time-barred because she will soon acquire capacity, and Texas law allows later acquired capacity to cure prior lack of capacity, even if it is acquired after the statute of limitations has run. (Doc. No. 25, Pl.'s Resp. to Defs.' Rule 12(b)(1) Mot. ¶¶ 7–16.) Plaintiff concedes she has no standing to bring suit under the Texas Wrongful Death Statute. (*See generally* Pl.'s Partial Mot. to Dismiss.)

"Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004); 42 U.S.C. § 1988(a). "Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§

5

1981, 1983, and 1988." *Id.* (citing *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 390–91 (5th Cir. 1992)); *Handley v. City of Seagoville, Tex.*, 798 F. Supp. 1267, 1269 (N.D. Tex. 1992). Under the Texas Survival Statute, heirs, legal representatives, and the estate of the injured person may bring a survival action. Tex. Civ. Prac. & Rem. Code § 71.021(b). "Generally, only personal representatives of the estate are entitled to bring a personal injury action." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d. 845, 848–50 (2005) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (1998)). Courts have recognized that, where the individual bringing suit on behalf of the estate is not the estate's representative, the question is one of capacity; the estate plainly has standing. *See, e.g.*, *Lovato*, 171 S.W.3d. at 848–50 ("A change in the status of the party authorized to assert the decedent's personal injury claim, however, does not change the fact that the decedent has been personally aggrieved and would not, therefore, eliminate the decedent's justiciable interest in the controversy."); *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) ("Although Fredrick Pluet's estate would have standing under the [Texas Survival Statute] to pursue his 28 U.S.C. § 1983 claims, at the time she filed her complaint, Sandra Hardeman was not the administrator of Fredrick Pluet's estate.").

As the Estate undoubtedly has standing to pursue these claims, the Court now turns to the question of capacity. Plaintiff does not dispute that Neal lacked capacity to bring this lawsuit on behalf of the Estate when the Complaint was filed, and that, at least for now, she still lacks capacity. (Pl.'s Resp. to Defs.' 12(b)(1) Mot., ¶¶ 4–6; Dec. 3, 2012 Letter to the Court.) However, Plaintiff is correct that Texas law allows later-acquired capacity to cure prior lack of capacity, even if by the time capacity is acquired, the statute of limitations has run on the claims brought. *Lovato*, 171 S.W.3d at 853; *Lorentz v. Dunn*, 171 S.W.3d 854, 856 (2005); *Damian v. Bell Helicopter Textron, Inc.*, 352 S.W.3d 124, 142–43 (Tex. App.—Fort Worth 2011, pet.

6

denied).  In two cases decided on the same day, the Texas Supreme Court made clear that post-limitations acquisition of capacity cures a pre-limitations lack of capacity, and the survival claim is not barred by the statute of limitations because the subsequent acquisition of capacity relates back.  *Lovato*, 171 S.W.3d at 853; *Lorentz v. Dunn*, 171 S.W.3d 854, 856 (2005).  Furthermore, *Lovato* also provides that, when capacity is challenged, "the trial court should abate the case and give plaintiff a reasonable time to cure any defect."  *Lovato*, 171 S.W.3d at 853 n.7.

Defendants do not even mention the two Texas Supreme Court decisions that govern this question.  (*See generally* Defs.' Rule 12(b)(1) Mot.)  Instead, they rely on one unpublished opinion from a United States district court where the individual who initially filed the case on behalf of the estate never acquired capacity and sought to substitute another individual to represent the estate.  *Ramirez ex rel. Ramirez v. Bexar Cnty., Tex.*, No. SA-10-CV-0296, 2011 WL 4565473, at *2–3 (W.D. Tex. Sept. 29, 2011).  The court held it lacked jurisdiction over the new party.  *Id.*  *Ramirez* is easily distinguishable from this case.  Neal is not seeking to substitute a non-party to the original suit as the Estate's representative; rather, Neal seeks to obtain capacity for herself, which, if she is successful, would make this case analogous to the *Lovato* and *Lorentz* cases.

The Court is aware of one case in which a court dismissed the case for lack of standing where the plaintiff initially lacked capacity to sue on behalf of an estate but subsequently acquired such capacity.  *See Pluet*, 355 F.3d at 385.  However, the Fifth Circuit decided *Pluet* before the Texas Supreme Court issued its opinions in *Lovato* and *Lorentz* clarifying that a capacity defect may be cured and should not be understood to deprive an estate of standing.  *Lovato*, 171 S.W.3d. at 848–50, 853; *Lorentz*, 171 S.W.3d at 856.

7

Because Texas law clearly provides that defects in capacity may be cured without rendering a claim time-barred, and because the Texas Supreme Court has indicated a preference for allowing plaintiffs whose capacity has been challenged "a reasonable time to cure any defect," the Court finds that Neal must be granted time to attempt to cure the defect in capacity in this case. *Lovato*, 171 S.W.3d at 853 n.7. Accordingly, Defendants' Rule 12(b)(1) Motion to Dismiss (Doc. No. 24) must be **DENIED AS NOT RIPE WITHOUT PREJUDICE TO REFILING**. Should Neal's application to become the Estate's representative be denied, Defendants may refile their Rule 12(b)(1) Motion to Dismiss.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Defendants' Rule 12(b)(1) Motion to Dismiss (Doc. No. 24) must be **DENIED AS NOT RIPE WITHOUT PREJUDICE TO REFILING** if Neal's application to become the Estate's representative is denied. Furthermore, because Neal does not presently represent the Estate, Defendants' Rule 12(b)(6) Motion to Dismiss must also be **DENIED AS NOT RIPE WITHOUT PREJUDICE TO REFILING**. If the probate court appoints Neal as representative of the Estate, Defendants may refile their Rule 12(b)(6) Motion to Dismiss. Plaintiff's Partial Motion to Dismiss (Doc. No. 19) is **GRANTED**. Plaintiff's individual claims brought under the Texas Wrongful Death Statute are dismissed with prejudice.

A hearing is set for January 11, 2013 at 2:00 p.m. to address Plaintiff's Motion to Stay. (Doc. No. 21.)

9

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 8th day of January, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9